IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Jones, #259166,   ) | |
| )   Plaintiff,   ) | |
| )   vs.   ) | C.A. No. 3:04-1829-TLW |
| )   Calvin Quick, Lieutenant at Evans   ) Correctional Institution, in official   ) and individual capacity,   ) | |
| )   Defendant.   ) | |

## **ORDER**

This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Joseph R. McCrorey, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In the Report, Magistrate Judge McCrorey recommends that this case be dismissed without prejudice and without issuance and service of process. The plaintiff has filed objections to the Report.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and

Recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).  In light of this standard, the Court has reviewed, *de novo*, the Report, and the objections thereto.  The Court accepts the Report.

After careful review of the file, there is nothing in the record to indicate that the plaintiff has been denied the right to file a grievance.  The memorandum attached to the plaintiff's complaint indicates that inmate grievances were being picked up from the grievance boxes and processed in the inmate grievance branch in Columbia.  As Judge McCrorey concludes, the alteration of the grievance procedure does not relieve the plaintiff of his need to file a grievance.  If the plaintiff so desires, he can obtain the proper form from the South Carolina Department of Corrections and pursue his grievance.

It is therefore **ORDERED** that this case be **DISMISSED** without prejudice and without issuance and service of process.

s/ Terry L. Wooten
TERRY L. WOOTEN
UNITED STATES DISTRICT JUDGE

June 13, 2005
Florence, South Carolina

2